CORBETT *v.* SCHULTE.

VENDOR AND PURCHASER—ELECTION OF REMEDIES.

Where the vendee in a land contract refuses to vacate upon a forfeiture's being declared for nonpayment, and sets up in defense of the vendor's attempt to recover possession a right to withhold the payments until the vendor shall move the house upon the premises so that it will not encroach upon the adjoining lot, he affirms the contract, and limits his remedy to an action at law for damages.

Error to Wayne; Grove, J., presiding. Submitted October 19, 1898. Decided January 20, 1899.

*Assumpsit* by Mary A. Corbett against Peter W. Schulte to recover moneys paid on a land contract. From a judgment for plaintiff, defendant brings error. Reversed.

On December 14, 1885, Peter Schulte, defendant's grantor, and Patrick H. Corbett, entered into a land contract, by which the former agreed to sell to the latter the north 26 feet of lot 191 of the Stanton farm, in the city of Detroit. Upon the lot was a small house, resting upon posts. Corbett made sundry payments to Mr. Schulte, who, on December 24, 1892, deeded the land to defendant, subject to the conditions of the above contract. Corbett was duly notified of the deed, and made sundry other payments to defendant. In 1891 it was discovered that the house encroached from three to five inches at the ground upon the adjoining lot, owned by one Winslow. The eaves extended over some inches farther. The house upon the opposite side of the lot encroached also to about the same extent upon the Schulte lot. Plaintiff gave evidence tending to show that Mr. Corbett notified defendant of the defect; that he demanded that the house be moved over upon the lot conveyed, and that he was ready and willing to pay when defendant was ready to

give him a good title to the lot and house; that defendant gave him notice of forfeiture of the contract for nonpayment, and afterwards, by proceedings before the circuit court commissioner, ejected him from the premises. Defendant gave evidence tending to show that he offered to move the building; that Corbett refused to let him move it; that defendant, after taking possession, did move it, at an expense of $18, including the cost of new posts; and that, after giving notice of forfeiture, and upon the trial to recover possession, he offered to convey to Mr. Corbett a strip of land which he had obtained from Mr. Winslow, covering the ground upon which the house stood. Mr. Corbett assigned his claim to plaintiff, his wife, who brought suit to recover the amounts paid upon the contract, taxes, repairs, and insurance, less the value of the premises during the time of its occupancy. Plaintiff recovered verdict and judgment.

*James H. Pound*, for appellant.

*Frank C. Cook* and *R. E. Van Syckle*, for appellee.

GRANT, C. J. (*after stating the facts*). The only real controversy of fact was whether defendant offered to move the house back on the land conveyed. Schulte had a complete title. The court instructed the jury that Corbett "had the right to cease paying if defendant, on being notified of the situation, refused to put himself in a position where he could give a marketable title to the property, including the house." The converse of the proposition was also stated. The court further instructed the jury that the measure of damages was the money he had paid, less what they should find to be the rental value of the property.

The defendant insists that the court should have directed a verdict for him, and the refusal to so charge is the principal error alleged. There was no defect in the title or in the description of the land. Upon the execution of a deed, Mr. Corbett would have become the owner of the precise

land he contracted to buy. The small building, supposed to be located upon it, was found to be a few inches over the line. At an expense of six or eight dollars, he could have removed the building so as to place it entirely upon the land conveyed. He possessed the legal right to move it, so far as the grantor was concerned, and no objection was made by Mr. Winslow to removal. He occupied it 11 years, during which time his possession was not disturbed by his neighbors. He lived upon the land five years after he knew the situation. He now seeks to make an innocent grantee pay damages for which he is in no sense responsible. His claim has no equity. Has it any standing under the law ?

If it be conceded that Mr. Corbett might have filed a bill to rescind the contract, or have abandoned the premises, and recovered back so much of the consideration as had been paid, it is also true that he might have affirmed the contract, and removed the house from the adjoining land, which Mr. Winslow asked him to do. After Mr. Schulte had given him notice of forfeiture of the contract, and demanded possession, he not only refused to vacate, but successfully defended an action for possession, basing his defense on his alleged right to withhold the remainder of the purchase price until the vendor should perfect the title. He admits that after this the vendor offered to throw off $100 of the purchase price if he would pay, and his own attorney admits a tender of a deed, not only of lot 26, but 18 inches more land upon which the house stood, which he bought for the purpose. This second suit he did not defend. His attorney testified that, at the time of the trial, the defendant offered such a deed, and was told by counsel that Corbett ''did not claim any rights under the contract; that Schulte had forfeited his rights under the contract, and he simply wanted his money back." It is elementary that a man is bound by his election of one of two inconsistent rights, and when Corbett not only delayed rescinding, but insisted on occupying under the contract to the extent of defending and defeat-

ing the vendor in an attempt to recover possession, he unqualifiedly affirmed the contract, and limited his remedy to an action at law for damages.

Judgment reversed, with costs of both courts, and no new trial granted.

The other Justices concurred.