THE BRYANT TIMBER COMPANY v. JOHN E. WILSON and UNICEY WILSON.

(Filed 20 October, 1909.)

1. Standing Timber—Option—Consideration—Nudum Pactum.

An option or offer to sell standing timber on lands, for which no consideration has been paid, may at any time be withdrawn before its acceptance, for the agreement is *nudum pactum*.

**2. Standing Timber—Option—Acceptance—Lawful Consideration.**

But after an unconditional acceptance, in accordance with the terms of the option, the voluntary proposal becomes a binding obligation on both parties, and specific performance will be decreed in equity at the suit of the vendee, when there is no equitable element to prevent it.

**3. Standing Timber — Contract to Convey — Lis Pendens — Purchasers—Notice.**

A suit for the specific performance of a contract to convey standing timber, against the owners of the land, setting forth with particularity the nature and extent of the contract, describing the land, etc., and reciting the registered option under which the performance is sought, is full notice, as *lis pendens*, to subsequent purchasers.

**4. Standing Timber—Contract to Convey—Realty—Lands—Equity.**

Standing timber is regarded as a part of realty, and specific performance of a contract to convey it will be governed by the same equitable principles that are applicable to lands.

**5. Standing Timber—Contract to Convey—Specific Performance—Title Defective—Damages—Rights of Purchaser.**

A purchaser, under a binding option on standing timber, may elect to take such title as the vendor may have, and recover damages to the extent that the vendor may be unable to make good title contracted for.

**6. Standing Timber—Contracts to Convey—Specific Performance.**

A contract to convey standing timber, definite and clear as to its subject matter, time for cutting, parties, etc., having a lawful consideration to support it, may be enforced in equity.

**7. Same—Damages—Election.**

When a cause of action for specific performance is shown, the plaintiff is not held to an election for damages merely by reason of his having claimed them in his suit, especially when it appears that he has subsequently waived all demand therefor.

APPEAL by plaintiff from *W. R. Allen, J.,* June Term, 1909, of SAMPSON.

These issues were submitted, without objection:

1. "Did the plaintiff, within thirty days from the 12th day of April, 1907, notify the defendant John E. Wilson of its intention to purchase the timber referred to in the complaint?" Answer: "Yes."

2. "If so, was the intention to purchase said timber coupled with the condition that the title was good?" Answer: "No."

3. "Has the plaintiff been at all times ready, able and willing to perform its contract on its part?" Answer: "Yes."

4. "Has the defendant John E. Wilson refused to perform his contract on his part?" Answer: "Yes."

5. "What damage, if any, is the plaintiff entitled to recover?" Answer: "$100."

Upon the rendition of the verdict the plaintiff tendered the judgment set out in the record, decreeing a specific performance of the contract, which the court declined to sign, and plaintiff excepted. The court rendered judgment for damages only. Plaintiff excepted and appealed.

The further facts are stated in the opinion.

*F. R. Cooper, Fowler & Crumpler* and *C. M. Faircloth* for plaintiff.
*Faison & Wright* and *George E. Butler* for defendants.

BROWN, J. On 12 April, 1907, the defendants executed for a nominal consideration a contract, in writing, commonly called an option, whereby the defendants bound themselves to sell for a fixed price and for a definite period the timber growing and to be grown on certain lands described therein. Within the time required by the option the plaintiff gave due notice to defendant of its intention to purchase the timber and of its readiness to comply in all respects with the terms of purchase, thereby converting the written offer of the plaintiffs to sell into a valid and binding contract by an unconditional acceptance of and compliance with its terms.

It was the plaintiff's privilege to accept unconditionally and comply with the terms of the paper writing by paying the cash upon tender of the deed, and thus secure to itself the right to compel defendants to perform their contract. *Weaver v. Burr,* 3 W. Va., 736; *Hardy v. Ward,* 150 N. C., 391.

Upon the findings of the jury, is plaintiff entitled to have a decree compelling a specific performance of the contract, or is plaintiff remitted to an action for damages for its breach?

If the defendants had withdrawn this option or offer to sell before its unconditional acceptance, there being no valuable consideration for it, they would have exercised an unquestioned right; for without a valuable consideration to support it the agreement would be a mere *nudum pactum,* and might have been withdrawn at any time.

Until the proposal is accepted, there can be no contract, as there is nothing by which the proposer can be bound; and unless both are bound, so that an action can be maintained against the other for a breach, neither will be bound. But after unconditional acceptance there is a valuable consideration to support the contract; it then becomes mutual, and the voluntary proposal of one becomes the binding obligation of both. 1 Sugden Vend., 8 Am. Ed., 195, 196; Bishop on Cont., secs. 77-79, 325; Story on Cont., 495; Benj. on Sales, sec. 41.

Contracts of this character, in respect to land, when unconditionally accepted, have been very generally enforced by courts of equity, and specific performance decreed, as will be seen by adverting to the numerous cases cited in the learned opinion of *Mr. Justice Woods* in *Weaver v. Burr, supra.*

The defendant does not claim that there was any fraud, undue influence, oppression or other wrongful act on the part of the plaintiff in obtaining said contract; neither does he allege any mistake in reference to same.

But it is insisted that the defendants cannot specifically perform the contract, because they have conveyed the timber to the Tilghman Lumber Company. That would undoubtedly bar a decree for specific performance, although subjecting the defendants to damages, but for the fact that, according to the record, said company purchased, if at all, after the complaint was filed in this action, and, although it is not a party to the action, it is bound to the same extent as if it were. *Collingwood v. Brown,* 106 N. C., 365; *Spencer v. Credle,* 102 N. C., 78; *Todd v. Outlaw,* 79 N. C., 235; *Badger v. Daniel,* 77 N. C., 251.

Not only has a formal *lis pendens* been filed in this case, but the complaint contains a complete description of the property which is situated in the county where the action was commenced and is pending. This pleading refers to the registered option, as well as contains a full statement of the facts. It is itself notice to the world of the plaintiff's claim. The Tilghman company purchased after the filing of the complaint, and takes subject to any decree that may be made in this case. *Morgan v. Bostic,* 132 N. C., 751; *Baird v. Baird,* 62 N. C., 317; *Dancy v. Duncan,* 96 N. C., 111.

It is further contended that the defendants cannot make a good title to the timber, independent of the conveyance to the Tilghman company, and for that reason cannot be made to perform the contract.

This might avail the plaintiff if it was resisting the performance on its part, but it cannot avail these defendants, for it is well settled that, though the vendor is unable to convey the title called for by the contract, the purchaser may elect to take what the vendor can give him and hold the vendor answerable in damages as to the rest. *Kores v. Covell,* 180 Mass., 206; *Corbett v. Shulte,* 119 Mich., 249; 29 Am. and Eng. Enc., 621, and cases cited. In this case the plaintiff has elected not only to take such title as the defendants can convey by their deed, but also to waive and discharge all claim for damages arising from a partial performance of the contract only.

The next objection urged is that the subject-matter is but growing timber and not the body of the land, and that equity will not require specific performance of that kind of contract, but will award damages in lieu thereof.

Some color is given to that position by the cases of *Paddock v. Davenport,* 107 N. C., 711, and *Bomer v. Canady,* 79 Miss., 223. But we find, upon a critical examination of the cases, that neither of them sustains the contention. The contract in the first-cited case provided for the sale of merchantable ash, poplar and cherry trees, at the price of fifty cents and one dollar per tree, to be immediately removed. The refusal to decree specific performance is based upon the temporary character of the contract and because the breach is easily compensable in damages.

In the other case the contract required the defendant to saw up the timber into lumber and ship it to complainants. The court held that it would not specifically enforce a contract to cut trees from land and saw them into lumber, "if the contract be indefinite and uncertain as to the trees to be cut."

The contract we are asked to specifically enforce differs materially from those we have mentioned. The instrument defines with accuracy the land upon which the timber is growing—describes it as standing timber, ten inches in diameter, and such as may attain that size when cut, and gives ten years within which to cut and remove it. The price to be paid, as well as time of payment, is clearly stated.

The contract is definite and certain as to its subject-matter, its stipulations, its purposes, its parties and the circumstances under which it was made. Its meaning is plain and its various provisions carefully and clearly stated.

There is a valuable consideration; the agreement is mutual. Specific performance is not only entirely practicable, but is necessary, in order to give the plaintiff the full benefit of the contract, and there is nothing inequitable in its enforcement.

In short, the contract has every requisite which is usually regarded as necessary to authorize a court of equity to compel specific performance. Pomeroy Eq., secs. 1400 to 1505.

Then, again, the contract does not deal with personal property. It plainly savors of the realty.

Growing trees are often, especially in the older cases, regarded as a part of the land, and the sale thereof as a sale of an interest in land. 28 Am. and Eng., 537, and cases cited.

In this State growing trees have ever been regarded as part of the realty, and deeds and contracts concerning them are governed by the laws applicable to land. *Bunch v. Lumber Co.,* 134 N. C., 116; *Hawkins v. Lumber Co.,* 139 N. C., 162; *Mizell v. Burnett,* 49 N. C., 249.

It is finally contended that the plaintiff, by his action, has elected to proceed for damages in lieu of specific performance.

The position is hardly tenable. The complaint sets forth a cause of action and asks for specific performance.

The plaintiff had a right to ask for damages, and they could have been awarded in this action in case the court refused to grant the principal relief.

As the plaintiff waives all damages, even for delay in performing the contract, the exceptions to the ruling of the court upon that issue need not be considered.

Upon a review of the record, we are of opinion that, upon the pleadings, proofs and responses to the issues, the plaintiff is entitled to the judgment tendered by its counsel.

The cause is remanded, with direction to enter judgment accordingly.

Reversed.