ISADORE GOLDSTEIN AND WIFE, IDA S. GOLDSTEIN, v. WACHOVIA BANK & TRUST COMPANY, A CORPORATION, AND MARION GREEN JOHNSTON, AS EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF GAY GREEN, DECEASED.

(Filed 9 March, 1955.)

**1. Vendor and Purchaser § 26—**

Ordinarily, where the owner of land makes an enforceable contract to convey the land, and the title to the property proves defective in some particular, or his estate is different from that which he agreed to convey, the purchaser may elect to take what the vendor can give him and hold the vendor answerable in damages as to the rest.

**2. Easements § 2—**

A conveyance or contract to convey a part of an estate ordinarily includes by implication those easements over the remaining land which are visible and apparently permanent and which are in use and reasonably necessary to the fair enjoyment of the property conveyed or contracted to be conveyed.

**3. Vendor and Purchaser § 26—Complaint held to allege cause of action for damages for failure of vendor to convey easement appurtenant.**

The complaint alleged that defendants contracted to convey certain property with all rights and easements appertaining thereto, that the property consisted of a two-story building with offices on the second floor, that at the time of the execution of the contract the only means of ingress and egress to the second floor was by a stairway and hall through two other buildings owned by defendants and that defendants conveyed the servient properties to third persons by registered deed without reserving the easements defendants were obligated to convey to plaintiffs, thus making it impossible for defendants to convey to plaintiffs the easements appurtenant, to plaintiffs' damages. *Held:* The complaint states a cause of action against vendors and their demurrer *ore tenus* should have been overruled.

**4. Registration § 5c—**

　　As between the parties thereto, an unregistered contract to convey is as valid and binding as though duly recorded.

**5. Pleadings § 15—**

　　In passing upon a demurrer *ore tenus* for failure of the complaint to state a cause of action, whether or not defendants can make good on the defenses set up in their pleadings is not germane to the decision.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Whitmire, Special Judge,* October Term, 1954, of BUNCOMBE.

This is an action to recover damages from the defendants for failure to convey title to certain property, hereinafter described, with all the rights and easements appertaining thereto, which it is alleged the defendants contracted to convey.

The defendants are and were at the times hereinafter set forth, the duly qualified and acting executors and trustees under the last will and testament of Gay Green, deceased.

It is alleged in the plaintiffs' complaint that on or about 15 August, 1952, the defendants were the owners in trust, with the power to convey under the authority contained in the last will and testament of Gay Green, deceased, in fee simple, of a piece, parcel and lot of land lying and being on the north side of Pack Square, on the south side of College Street and the east side of Broadway in the City of Asheville, and particularly described in that certain deed from Universal Liquidating Company to Gay Green dated 1 July, 1936, and recorded 6 August, 1936, in Book of Deeds, Vol. 486, page 352, etc. That on 15 August, 1952, the defendants, acting pursuant to the power of sale contained in the aforesaid will, entered into a contract of sale with one B. Gordon, in which the defendants agreed to sell and the said B. Gordon agreed to purchase, a portion of the said property above described (designated as No. 2 North Pack Square) for $45,125.00, $2,500.00 of which was paid upon the execution and delivery of the contract, "and the balance of said purchase money to be paid as follows: In cash on closing." That this contract was duly assigned to the plaintiffs.

According to the pleadings, the property referred to above is improved business property; that there is located on said premises three buildings known and designated as Nos. 2, 4 and 6 North Pack Square; that each of the said buildings has a second floor; that said buildings have storerooms fronting on North Pack Square and running north to College Street; that No. 2 North Pack Square has offices on the second floor thereof; that according to the contract of sale, the rents from the first

floor amounted to $5,400.00 per year and the rents on the second floor amounted to $540.00 per year. That under the contract, the leases were to be assigned to the purchaser of the property at the time of the delivery of the deed therefor.

It is likewise alleged that on 15 August, 1952, and on 15 September, 1952, the only means of ingress and egress to the second floor of each of the three buildings referred to herein was over a stairway, leading from the street and located between the walls of Nos. 4 and 6 North Pack Square, which stairway led into a hallway which went through the walls of all three buildings and served each building; that said "openings, passageway and stairway were of such appearance as to be deemed permanent and that said stairway, openings and passageway had for many years been used as the only access to the offices on the second floor of No. 2 North Pack Square . . ."

It is further alleged that, in the contract referred to herein the defendants agreed to convey to B. Gordon, or his assignee, the property designated as No. 2 North Pack Square "with all rights and easements appertaining thereto." That on 15 September, 1952, the defendants delivered their deed to the plaintiffs on payment of the balance of the purchase price; "that said deed purported to grant to the plaintiffs No. 2 North Pack Square with all the appurtenances thereunto belonging"; that the plaintiffs received said deed and caused the same to be recorded in the office of the Register of Deeds for Buncombe County, North Carolina, in Book of Deeds, Vol. 723, at page 527, on 15 September, 1952.

It is also alleged in the complaint that, some time after 15 September, 1952, the passageway hereinbefore referred to was obstructed permanently by persons other than these plaintiffs, and without the consent of the plaintiffs, by the destruction of the stairway and the closing of the openings in the walls between Nos. 4 and 6 North Pack Square and also by closing the opening in the wall between Nos. 2 and 4 North Pack Square; that prior to 15 September, 1952, and subsequent to 15 August, 1952, without the consent of these plaintiffs, the defendants by deeds recorded prior to 15 September, 1952, conveyed No. 6 North Pack Square to òne Morris Chizik and conveyed No. 4 North Pack Square to M. B. Blomberg and David Sandman without reserving to these plaintiffs the way of passage hereinbefore referred to, and that the defendants have breached their contract with these plaintiffs by placing the conveyance of said right of passage to these plaintiffs beyond the control of said defendants and by making the conveyance to these plaintiffs of such way of passage an impossibility.

It is alleged that the stairway and openings in the walls of the buildings referred to herein were obstructed by M. B. Blomberg, David Sandman and Morris Chizik, grantees of the defendants, and by reason of said

obstruction the second floor of the premises conveyed by the defendants to the plaintiffs has been made inaccessible and uninhabitable to the great damage of these plaintiffs, etc.

The defendants filed an answer to the plaintiffs' complaint and allege among other things that, Nos. 6, 4, and 2 were sold as separate buildings; Nos. 4 and 6 being sold and conveyed first and deeds therefor properly drawn and executed and recorded before the delivery of the deed to the plaintiffs for building No. 2; and that plaintiffs had actual knowledge before they accepted the deed for building No. 2 that each of said buildings was handled as a separate unit; that Morris Chizik closed the passageway in controversy on or about 1 January, 1954, "as he had a right to do."

The defendants likewise set up as a further answer and defense a plea of estoppel as a bar to the action, alleging that prior to the execution of the contract and deed (upon which the plaintiffs base their action), assignor of the plaintiffs was expressly told by the defendants that the three buildings were being sold as separate units, and that the purchaser of any one of said buildings had no claim or right to claim any passageway, stairway, or other easement over the others; and plaintiffs were expressly told at the time of the closing of their transaction and delivery of said deed that building No. 2, as above described, did not have any easement or right of way or passageway over the other buildings, or either of them.

The plaintiffs made a motion to strike certain parts of the defendants' answer. When the matter came on for hearing, the defendants demurred *ore tenus* to the plaintiffs' complaint on the ground that it did not state a cause of action against the defendants. The court, by consent of all parties, heard the argument of counsel on the demurrer. Whereupon, the court sustained the demurrer *ore tenus* and dismissed the action. Plaintiffs appeal, assigning error.

*William J. Cocke, Charles N. Malone, and James S. Howell for plaintiffs, appellants.*

*Wright & Shuford and Don C. Young for defendants, appellees.*

DENNY, J. The sole question presented on this appeal is whether or not the court below committed error in sustaining the demurrer *ore tenus* to the plaintiffs' complaint.

Ordinarily, where the owner of land makes an enforceable contract to convey the land and the title to the property proves defective in some particular, or his estate is different from that which he agreed to convey, the vendee, at his election, may compel the conveyance of such interest as the vendor may have and obtain "a pecuniary compensation or abate-

ment of the price proportioned to the amount and value of the defect in title or deficiency in the subject matter . . ." *Flowe v. Hartwick,* 167 N.C. 448, 83 S.E. 841; *Timber Co. v. Wilson,* 151 N.C. 154, 65 S.E. 932, 134 Am. St. Rep. 982; *Rodman v. Robinson,* 134 N.C. 503, 47 S.E. 19, 65 L.R.A. 682, 101 Am. St. Rep. 877; Pomeroy on Contracts, section 434; 49 Am. Jur., Specific Performance, section 105, page 123, *et seq.*

In *Timber Co. v. Wilson, supra,* this Court said: ". . . it is well settled that, though the vendor is unable to convey the title called for by the contract, the purchaser may elect to take what the vendor can give him and hold the vendor answerable in damages as to the rest. *Kores v. Covell,* 180 Mass. 206; *Corbett v. Shulte,* 119 Mich. 249; 29 A. & E. 621, and cases cited." *Morris v. Basnight,* 179 N.C. 298, 102 S.E. 389.

It would seem that the allegations of the plaintiffs' complaint which for the purpose of our discussion are admitted to be true, are sufficient to support the view that if a duly executed conveyance of the property described in the contract under consideration, with all the rights and easements appertaining thereto, had been recorded prior to the registration of the conveyances executed by the defendants to the properties known as Nos. 4 and 6 North Pack Square, such deed would have given to the plaintiffs the right to use the stairway and hallway referred to herein for the purpose of ingress and egress to the second floor of No. 2 North Pack Square. *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517, 155 A.L.R. 536; *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329; *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224; *Bowling v. Burton,* 101 N.C. 176, 7 S.E. 701, 2 L.R.A. 285.

In *Ferrell v Trust Co., supra, Winborne, J.,* speaking for the Court, said: "It is a general rule of law that where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part," citing numerous authorities. "Notwithstanding the fundamental principle that a person cannot have an easement in his own land, 'it is a well settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary to the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law . . . The underlying basis of the rule is that unless the contrary is provided, all privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted substantially in the condition in which it is enjoyed by the grantor are included in the grant.' 17 Am. Jur., 945; Easements, Implied, section 33."

On the other hand, there is a distinction between a grant and a reservation by implication. Ordinarily, a grantor can impose no reservation on land he conveys in favor of other land retained by him in derogation of his grant without an express reservation to that effect, except as to "ways of strict or imperious necessity." Thompson on Real Property (Per. Ed.), Vol. 1, section 370 (332), page 599. In *Blankenship v. Dowtin,* 191 N.C. 790, 133 S.E. 199, this Court quoted with approval the distinction in this respect as set forth by Gould on Waters (3rd Ed.), section 354, as follows: " 'The general rules relating to severance of tenements are that a grant by the owner of a tenement or part of that tenement, as it is then used and enjoyed, passes to the grantee by implication, and without the use of the word "appurtenances" or similar words, all those easements which the grantor can convey, which are necessary to the reasonable enjoyment of the granted property, and have been and are, at the time of the grant, used by the owners of the entirety for the benefit of the granted tenement; and that, except in the case of ways or easements of necessity, there is no corresponding implication in favor of the grantor, who, if he wishes to reserve any right over the granted part, should reserve it expressly in the grant.' "

The plaintiffs, therefore, bottom their right to recover against the defendants on the ground that after the defendants contracted to convey No. 2 North Pack Square, including the easement rights appurtenant thereto, they conveyed the servient properties to third parties and did not reserve the easement rights they contracted to convey in connection with the sale of No. 2 North Pack Square.

Counsel for the appellees state in their brief and contended in the oral argument before this Court, that the plaintiffs allege unqualifiedly in their complaint that the defendants conveyed to them the property described in the complaint, and also an easement to the passageway and stairway. They seem to overlook the fact that the appellants do not allege in their complaint that their deed conveyed to them No. 2 North Pack Square and the easements appurtenant thereto. They allege that the deed purported to do so, but did not. They expressly alleged that the defendants by conveying No. 4 North Pack Square to M. B. Blomberg and David Sandman, and No. 6 North Pack Square to Morris Chizik, without reserving to these plaintiffs the passageway over the granted lands, made it impossible for them to convey to the plaintiffs an easement over Nos. 4 and 6 North Pack Square.

The appellees, through their counsel, on oral argument, likewise contended that the plaintiffs instituted this action against the wrong parties; that these defendants are in no way responsible for the destruction of the stairway, or the closing of the walls between Nos. 4 and 6 North Pack Square, or the closing of the wall between Nos. 2 and 4 North Pack

Square. This argument, in light of the facts alleged in the complaint, is without merit on the question as to whether or not the complaint states a cause of action against the present defendants. The situation would be entirely different, however, if the contract entered into on 15 August, 1952, between the defendants and the assignor of the plaintiffs, had been registered prior to the execution and registration of the deeds to the present owners of Nos. 4 and 6 North Pack Square. But, the contract was not so registered. Even so, it is as valid and binding as between the plaintiffs and the defendants as it would have been had it been duly recorded the day it was executed. *Freeman v. Bell,* 150 N.C. 146, 63 S.E. 682.

In our opinion, the plaintiffs' complaint does state a cause of action against the present defendants, and the court below committed error in sustaining the demurrer *ore tenus.* Whether or not the defendants can make good on the defenses set up in their pleadings is a matter with which we are not concerned, and about which we express no opinion.

The ruling of the court below is

Reversed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.