ALFRED S. NUGENT, JR. AND REGINA M. NUGENT v. WALLACE BECKHAM AND ANN L. BECKHAM

No. 771SC812

(Filed 15 August 1978)

**1. Rules of Civil Procedure § 56— summary judgment motion—affidavit not considered**

   In an action for specific performance of a contract to sell a house, defendants' contention that the affidavit of one defendant should have been accepted as evidence that defendants tendered to plaintiffs a deed pursuant to the contract and that plaintiffs rejected the deed is without merit, since the affidavit in question did not show affirmatively that it was based upon the personal knowledge of the affiant or that he was otherwise competent to testify to the matters stated therein, and, absent such a showing, the trial court could not, consistent with the requirements of G.S. 1A-1, Rule 56(e), consider the affidavit upon plaintiff's motion for summary judgment.

**2. Vendor and Purchaser § 5— action for specific performance—breach of contract—no material issue of fact**

In an action for specific performance of a contract to sell a house, there was no genuine issue of material fact as to whether the house in question was located in violation of certain ordinances and restrictive covenants, and the trial court properly granted summary judgment for plaintiffs on the issue of breach of contract.

**3. Vendor and Purchaser § 5— specific performance of contract to convey land—no prayer for abatement and accounting in complaint—abatement and accounting properly granted**

Though plaintiffs in an action for the specific performance of a contract to convey land did not specifically pray for an abatement and accounting in their complaint, they did set forth a simple and unambiguous statement of the essential facts setting forth a claim for relief for specific performance, an abatement and an accounting, and the trial court therefore did not err in granting specific performance, abatement and an accounting after determining that no issue of fact existed as to breach of contract.

**4. Vendor and Purchaser § 8— breach of contract to convey land—items of damage considered by jury**

In an action for specific performance of a contract to convey land, evidence as to the cost involved in bringing the property in question into compliance with local ordinances and restrictive covenants was one factor which could properly be considered by the jury in its efforts to determine the difference between the fair market value as contemplated by the parties upon entering their contract and the fair market value of the property the defendants were actually able to convey.

**5. Vendor and Purchaser § 8— seller's refusal to convey land—interest denied to all parties—no error**

Though the general rule is that the buyer is entitled to rents and profits during the period in which the seller has refused to convey and has wrongfully kept the buyer out of possession, while the seller is entitled to interest on the purchase price, denial of interest to all parties in the discretion of the trial court was proper in this case, since in this case the interest sought on the purchase price would exceed the amount awarded the plaintiffs by the jury and would result in a net gain to defendants in the form of a reward for their failure or refusal to comply with the terms of their contract.

APPEAL by defendants from *Tillery, Judge.* Judgment entered 25 May 1977 in Superior Court, DARE County. Heard in the Court of Appeals 27 June 1978.

This action was commenced by the plaintiffs, Alfred S. Nugent, Jr., and Regina M. Nugent, seeking specific performance of a contract by and damages against the defendants, Wallace Beckham and Ann L. Beckham. By complaint filed in November,

1973, the plaintiffs alleged a breach by the defendants of a contract to sell a certain lot and house in Dare County to the plaintiffs. The plaintiffs alleged that they had tendered the full purchase price agreed upon to the defendants on the closing date in July, 1973, as required by the contract. The plaintiffs further alleged that the defendants refused to accept the tender and to convey the property due to the fact that the house was situated on the property in violation of certain restrictive covenants and county subdivision ordinances governing setback and sideline requirements. By their answer, the defendants admitted entering into the contract to sell and refusing to convey the property, for the reasons stated in the complaint, upon the plaintiffs' tender of the purchase price. They denied, however, any bad faith on their part and counterclaimed for various damages.

The action was first heard by Judge Robert R. Browning upon motions by both parties. The plaintiffs' motion for summary judgment on the issue of the existence of a contract was allowed and the court found the parties had entered a contract. The defendants were granted leave to and did amend their answer and counterclaim.

The action was next heard by Judge Robert A. Collier, Jr., in April of 1977 upon additional motions for summary judgment. A partial summary judgment order was entered on 15 April 1977 declaring the plaintiffs were entitled to specific performance of the contract and that trial should be had upon the issues of the amount of abatement of the purchase price and rents and profits due the plaintiffs since 1973. The defendants in apt time excepted to this order.

The action was tried before Judge Bradford Tillery and a jury. The plaintiffs presented evidence tending to show that they had intended to spend approximately four weeks each year in the house and to rent it for the remainder of each year. As a result of the defendants' breach of the contract, the plaintiffs lost rents and profits and suffered other specified damages. The defendants offered evidence tending to show that they had paid taxes and insurance and incurred various other losses on the property since the intended closing date in July of 1973. The jury awarded the plaintiffs $5,500 in abatement of the purchase price of the property and $9,000 for rents and profits with a setoff of $6,800 in defendants' favor.

The trial court, with the consent of the parties, deferred final judgment until the parties submitted briefs upon the question of whether interest should be allowed either party. The trial court in its discretion declined to award interest to either party and entered judgment against the defendants on 25 May 1977. The defendants appealed.

Other pertinent facts are hereinafter set forth.

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, P. A., by Norman W. Shearin, Jr., and Roy A. Archbell, Jr., for plaintiff appellees.*

*Aldridge & Seawell, by Christopher L. Seawell and Daniel Duane Khoury, for defendant appellants.*

MITCHELL, Judge.

[1] The defendants first assign as error the granting of the plaintiffs' motion for summary judgment as to specific performance, abatement of the purchase price and an accounting. In support of this assignment, the defendants contend that there was an issue of material fact as to whether the plaintiffs were entitled to specific performance. The defendants contend that the affidavit of the defendant, Wallace L. Beckham, should have been accepted as evidence that the defendants tendered to the plaintiffs a deed to the property pursuant to the contract and at the time set for closing, and that the plaintiffs rejected the deed and are not, therefore, entitled to specific performance. We do not agree.

At no point does the affidavit in question show affirmatively that it was based upon the personal knowledge of the affiant or that he was otherwise competent to testify to the matters stated therein. Absent such a showing, the trial court could not, consistent with the requirements of G.S. 1A-1, Rule 56(e), consider the affidavit upon the plaintiffs' motion for summary judgment. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). The trial court was, however, free to consider the admissible affidavit of the former counsel for the plaintiffs tending to show that neither of the defendants were present at the time of the plaintiffs' tender of the purchase price, and that the plaintiffs' tender was made to counsel for the defendants out of the defendants' presence. This assignment of error is overruled.

[2] The defendants also contend that a genuine issue of material fact was presented as to whether the house in question was located in violation of certain ordinances and restrictive covenants. They therefore contend that Judge Collier erred in determining that no issue of material fact was presented and that the house was in fact so located. We have thoroughly reviewed the pleadings, including the defendants' original and amended answers, together with the interrogatories and exhibits filed by the parties. We find no indication therein that a genuine issue existed regarding the location of the house in violation of the ordinances and restrictive covenants. That part of the order of Judge Collier granting summary judgment for the plaintiffs as to the existence of a contract and its breach was, therefore, proper.

[3] The defendants next contend that Judge Collier erred in granting specific performance, abatement and an accounting, after determining that no issue of fact existed as to breach of contract. In support of this contention the defendants note that the plaintiffs did not specifically pray for an abatement and accounting in their complaint.

An order for specific performance of a contract to sell real property, together with an abatement of the purchase price, is proper where the title proves in some way defective or the estate differs from that which the owner agreed to convey. *Goldstein v. Trust Co.*, 241 N.C. 583, 86 S.E. 2d 84 (1955); 71 Am. Jur. 2d, Specific Performance, § 129, pp. 165-66. Here, the plaintiffs' conplaint set forth a simple and unambiguous statement of the essential facts setting forth a claim for relief for specific performance, an abatement and an accounting, as they alleged among other things that the defendants were possessed of a title which was defective in some particular or were possessed of an estate different from that which they had agreed to convey.

Nevertheless, the defendants contend that G.S. 1A-1, Rule 8, required the plaintiffs specifically request an abatement and accounting in addition to specific performance. We do not agree. G.S. 1A-1, Rule 54(c) contemplates judgments granting the relief to which the party in whose favor they are rendered is entitled without regard to whether such relief has been demanded in that party's pleadings. Additionally, to give Rule 8 the strict construction urged by the defendants would frustrate the intent of the rule, as expressed in section (f) thereof, that all pleadings be con-

strued so as to do substantial justice. Here, the plaintiffs specifically demanded judgment in the form of specific performance of the contract and set forth a plain statement of a claim for relief for specific performance, abatement and an accounting. The directive contained in Rule 8(a)(2) that a party demand the relief to which he deems himself entitled requires no more, and this assignment is overruled.

[4]   The defendants assign as error the action of the trial court in permitting the jury to consider evidence relating to the cost of moving the house in question as evidence concerning the proper amount of any abatement of the purchase price. We find that evidence as to the cost involved in bringing the property into compliance with local ordinances and restrictive covenants was one factor which could be properly considered by the jury in its efforts to determine the difference between the fair market value as contemplated by the parties upon entering their contract and the fair market value of the property the defendants were actually able to convey.

The defendants have also contended that other evidence admitted by the trial court and relating to the issue of fair market value was improper. Without restating each of those contentions separately, we have reviewed them and find each without merit. The evidence admitted by the trial court was proper and did not constitute error.

[5]   Finally, the defendants contend that the trial court erred in declining in its discretion to award them interest on the purchase price of the property, as the plaintiffs had the use of the purchase price until judgment requiring specific performance. It is true that the general rule is that the buyer is entitled to rents and profits during the period in which the seller has refused to convey and wrongfully kept the buyer out of possession, while the seller is entitled to interest on the purchase price. *Harper v. Battle*, 180 N.C. 375, 104 S.E. 658 (1920); *Stern v. Benbow*, 151 N.C. 460, 66 S.E. 445 (1909). We do not think, however, that the seller's right to interest on the purchase price in such cases is absolute as a matter of law. *See* 81A C.J.S., Specific Performance, § 198, pp. 169-70.

Here, the interest sought on the purchase price would exceed the amount awarded the plaintiffs by the jury and would result in

a net gain to the defendants in the form of a reward for their failure or refusal to comply with the terms of their contract. We do not feel the general rule is so inflexible as to require a court of equity to reach such results. Rather, we find the denial of interest to all parties in the discretion of the trial court to have been proper in this case.

The defendants having received a fair trial free from prejudicial error, we find

No error.

Judges VAUGHN and MARTIN concur.