Civil action to enforce specific performance and to recover damages for breach of the following contract:
"This agreement entered into the 18th day of March, 1927, by and between W. D. Colwell and wife, Kizzie Colwell, parties of the first part, and Martin O'Brien and wife, Mary O'Brien, parties of the second part:
"Witnesseth, That for and in consideration of the sum of one dollar to each of them in hand paid, the receipt of which is hereby acknowledged, the parties of the first part agree to make a full and warranty deed to the parties of the second part for fifty-nine lots, said being all the vacant lots owned in Pinehurst subdivision by the parties of the first part, and one six-room house known as 701 Colwell Avenue, subject *Page 509 
to a fifteen hundred dollar mortgage now on this house. It is further agreed to make a ten-foot alley in blocks B, D and E, in the said Pinehurst subdivision.
"The parties of the second part agree to make a full warranty deed to the parties of the first part of the property located on the northeast corner of Front and Castle streets, and known as the Harper Sanitarium, and being the property bought from the estate of Charlie Harper. Both of the properties are to be free from any and all encumbrances, and this is to be an even trade, no money to be passed by either party.
"It is further agreed and made a part of this contract that there are to be as many as ten of these lots in Pinehurst sold by 1 April, 1927, or at the time that the transfers of the respective properties are made, not to exceed the aforesaid date of 1 April, 1927. All moneys derived from the sale of any of the fifty-nine lots in the Pinehurst subdivision is to be the property of Martin O'Brien. On all lots sold at Pinehurst, including the ten above mentioned, the parties of the second part agree to pay to the Northrop Real Estate Agency a commission of thirty-five dollars for each and every lot sold by them.
 "(Signed) MARTIN O'BRIEN. MARY C. O'BRIEN. W. D. COLWELL. KIZZIE COLWELL.
"Witness: R. H. NORTHROP."
The ten lots mentioned in the last paragraph of said contract were sold before 1 April, 1927 (R., p. 21), and plaintiffs tender deed for their property in accordance with the terms of the contract.
The cause of action for specific performance was nonsuited because it appeared that title to "the property located on the northeast corner of Front and Castle streets, and known as the Harper Sanitarium" was in Mary C. O'Brien, whose privy examination had not been taken at the time of the execution of said contract or at any other time, and that Martin O'Brien had only an inchoate right of curtesy in said property.
On the cause of action for damages there was a verdict and judgment for 50 cents, from which plaintiffs appeal, assigning errors.
after stating the case: Conceding that specific performance may not be had against Mrs. Mary C. O'Brien, we see no reason why Martin O'Brien should not be required to convey his interest in the *Page 510 
property mentioned in the contract, upon receipt of deed from plaintiffs conveying their property, and be held in damages along with his wife for the deficiency in the title, if Mrs. O'Brien will not join in the deed.Bethell v. McKinney, 164 N.C. 71, 80 S.E. 162; Braddy v. Elliott,146 N.C. 578, 60 S.E. 507; Warren v. Dail, 170 N.C. 406, 87 S.E. 126.
The judgment of nonsuit will be reversed, a new trial awarded and the cause remanded for further proceedings, not inconsistent herewith, according to the usual course and practice of the court, and as the rights of the parties may require.
Reversed.