E. F. DENNIS AND WIFE, GRACIE T. DENNIS, v. C. H. DIXON, RECEIVER OF
    FIRST NATIONAL BANK OF DURHAM, TRUSTEE, AND NORTH CARO-
    LINA JOINT STOCK LAND BANK OF DURHAM, AND J. L. ASHLEY
    AND WIFE, MYRA S. ASHLEY, AND JATHER McLAWHORN AND WIFE,
    EDNA E. McLAWHORN.

(Filed 22 January, 1936.)

Mortgages H p: Election of Remedies A c—Held: Plaintiffs elected to
    sue for damages for breach of contract to convey and were estopped to
    maintain action for specific performance against grantees of vendor.

    Plaintiffs, trustors in a deed of trust, alleged that the agent of the
    trustee conducting the foreclosure sale under the power of sale contained
    in the instrument, bid in the property for the *cestui que trust*, that prior
    to the sale the *cestui* had agreed in writing to transfer title to plaintiffs
    if it became the last and highest bidder at the sale, but that the *cestui*
    transferred title to purchasers in accordance with an agreement made
    with them prior to the agreement made with plaintiffs, that the pur-
    chasers from the *cestui* were present at the sale, either in person or by
    agent, and knew of the irregularity in the sale, but the complaint did not
    allege that the purchasers knew of the option contract executed by the
    *cestui* to plaintiffs. It also appeared from the complaint that plaintiffs
    were present at the sale and, relying on their option contract, stood by
    without protest and allowed the ten days for upset bids to expire, and
    waited nearly three years before taking action against the purchasers
    from the *cestui*, who entered into possession of the land immediately
    after the sale and continued in possession until the institution of the
    action, the title having been conveyed to them less than a year and a
    half after the sale. The purchasers from the *cestui* demurred to the cause
    of action to set aside the deed to them. *Held:* The demurrer was prop-
    erly sustained, since it appears from the face of the complaint that the
    acts and omissions of plaintiffs constituted an election to rely upon their
    right of action against the *cestui* for breach of their option contract and
    estopped plaintiffs from attacking the deeds to the purchasers from the
    *cestui*.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants Ashley and McLawhorn from judgment overrul-
ing demurrer, entered by *Barnhill, J.,* at May Term, 1935, of CRAVEN.
Reversed.

*Albion Dunn and Dunn & Dunn for plaintiffs, appellees.*
*W. B. R. Guion for defendants, appellants.*

SCHENCK, J. This action was instituted by the plaintiffs to have
declared void a deed from C. H. Dixon, receiver of the First National
Bank of Durham, trustee (hereinafter called the receiver-trustee), to
the North Carolina Joint Stock Land Bank of Durham (hereinafter

called the land bank), and a deed from the land bank to Myra S. Ashley and Edna E. McLawhorn (hereinafter called the demurrants).

The plaintiffs, in effect, allege that prior to 13 December, 1925, they were the owners of a tract of land in No. 1 Township in Craven County, containing 366 acres, more or less, and that on said date they executed a deed of trust on said land to the First National Bank of Durham as trustee to secure a loan of $5,000 to the land bank, and that subsequently C. H. Dixon was appointed receiver of said national bank and as such took over the duties of the trustee in said deed of trust, and that said deed of trust carried a provision to the effect that the loan secured thereby should be paid in semiannual installments on the first days of January and July, respectively, of each year, and that upon the failure of the payment of any of such installments the whole debt should become due and that the trustee, upon request of the *cestui que trust*, should sell the land and pay the remaining indebtedness from the proceeds thereof. That the plaintiffs failed to make the payments due on 1 January and 1 July, 1932, and thereupon the receiver-trustee, upon demand of the land bank and pursuant to the power of sale contained in the aforesaid deed of trust, advertised the land for sale at public auction, and that the said receiver-trustee employed R. E. Whitehurst, Esq., as his attorney to prepare the advertisements and to conduct the sale and to represent the receiver-trustee in all matters connected therewith, and that the sale of said land was conducted on 23 July, 1932, by said Whitehurst for the receiver-trustee, and that, as the plaintiffs were advised and believed, Whitehurst, at the time of said sale and while he was representing the receiver-trustee as aforesaid, at the direction, upon the instance, and by the procurement of said land bank, which held the notes of the plaintiffs secured by the deed of trust, placed the first, last, and only bid made at said sale on said land in behalf of said land bank, and then and there, while representing the receiver-trustee, declared said land bank to be the purchaser of said land, subject to any raised bid that might thereafter be made, and no raised bid having been made, on 8 August, 1932, the receiver-trustee, pursuant to said sale, executed and delivered to the said land bank a deed in fee simple for said lands, and immediately thereafter the demurrants (Ashley and McLawhorn), pursuant to an agreement theretofore entered into between them and the land bank, went into possession of the lands, and have continuously remained in such possession until the institution of this action. That the sale on 23 July, 1932, was conducted in the manner aforesaid by the said Whitehurst for the purpose of taking title out of the plaintiffs in order that title might be turned over to the said Ashley and McLawhorn in accord with an option which said land bank had theretofore given to them, and that at the time of said sale J. L. Ashley, the husband of Myra S. Ashley, and the agent

of his wife and Edna E. McLawhorn, was present, and was aware of all that transpired at said sale and of the manner in which it was conducted, and was aware that the attorney representing the receiver-trustee was likewise representing said land bank in placing its bid at said sale, and that by reason of the aforesaid circumstances the demurrants had full knowledge of such facts, and by reason thereof not only the deed from the receiver-trustee to the land bank, but also the deed from the land bank to the demurrants were ineffectual and invalid.

The plaintiffs further allege, "for a second and further cause of action," that prior to the sale of said land by the receiver-trustee on 23 July, 1932, namely, "on 15 July, 1932, the defendant land bank contracted and agreed, in writing, with the plaintiff E. F. Dennis that after it became the purchaser of said land at said sale it would reconvey the same to him upon the terms in said written agreement set out, and as an evidence of good faith, the said E. F. Dennis deposited with said bank good and solvent collateral in the amount of $1,700, and up to and beyond the time when an upset bid could have been entered and up to the time that the bank received a deed for said land, the said bank led said plaintiff to believe that it would convey title to him retaining the collateral security and thereby lulling the plaintiff into a sense of security and leading him to fully believe that he would not lose his land if said bank became the purchaser, but that he would eventually get title thereto." That the land bank at the time it entered into the aforesaid agreement with one of the plaintiffs did not intend to reconvey said property to them in the event it became the purchaser, but wrongfully held out hope to the plaintiffs for the purpose of preventing them from making arrangements to redeem the land, and that prior to entering into said agreement with one of the plaintiffs the land bank had wrongfully and unlawfully entered into a similar agreement with the demurrants, Ashley and McLawhorn, to convey said land to them in the event of its purchase thereof, and subsequently did make such conveyance, and that by reason of the wrongful act and conduct of the land bank as aforesaid the plaintiffs were divested of their title to said land and the title thereto was vested in the demurrants, Ashley and McLawhorn, who now hold title thereto under and by virtue of the deed from the land bank. That the land was reasonably worth $15,000, and that by reason of being divested of the title thereto the plaintiffs, after allowing credit for the amount due by them on the notes secured by the deed of trust, have been damaged by the loss of their land in an amount not less than $10,000.

Separate demurrers were filed by the land bank and by Ashley and McLawhorn, both of which were overruled in the Superior Court, and exceptions were taken and notice of appeal given by all of the defendants, but only the appeal of Ashley and wife and McLawhorn and wife was perfected and presented to this Court.

Whatever may be the effect of the allegations of the complaint as they relate to the land·bank, we think they fail to state facts sufficient to state a cause of action against the appealing demurrants, and that their demurrer to the complaint should have been sustained.

It appears from the face of the complaint that the plaintiffs knew of the sale, and that they stood by and allowed the sale to be made without making any protest, that they relied upon a written contract with the land bank to sell to them if it became the purchaser, and relying upon this contract, allowed the ten days for upset bids (C. S., 2591) to pass, and waited for nearly three years thereafter (from 23 July, 1932, to 3 April, 1935) before taking any action against the demurrants, who had entered into possession of the land under the land bank immediately after the sale and so remained until 28 September, 1933, when they acquired title thereto from the land bank, and continued in uninterrupted possession thereof till the institution of this action. We think the acts and omissions of the plaintiffs clearly constitute an election on their part to rely upon their right of action against the land bank for breach of the contract that the land bank would convey to them in the event the land bank became the purchaser of the land at the sale under the deed of trust, and having once made an election they are now estopped to say that the deeds are void or voidable—such election being a ratification of the deeds which they now attack. See 19 R. C. L., pars. 432-33, pp. 615-16. There is no allegation in the complaint that the demurrants had any knowledge of the contract between the plaintiffs and the land bank at the time they took deed from the land bank, or that there has been any breach of contract by the demurrants.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.