MARTHA BRADY BRUTON v. ROBERT R. BLAND, JR., T/A AND DOING
BUSINESS AS BLAND MUSIC STORE.

(Filed 30 October 1963.)

**1. Election of Remedies §§ 1, 4—**

Within a reasonable time after the discovery of fraud inducing the pur-
chase of a chattel the purchaser must either rescind the sale and recover
the consideration paid or affirm the sale and recover the difference be-
tween the value of the chattel if it were as represented and its actual
value at the time of the sale, and when the purchaser continues to use the
chattel for two years after discovery of the misrepresentation the remedy
of rescission is no longer available.

**2. Sales § 15—**

Where plaintiff's evidence is sufficient to take her case to the jury on
the issue of actionable fraud inducing her purchase of a chattel, nonsuit
is improperly entered even though plaintiff prays for the relief of re-
scission and plaintiff's evidence shows a delay barring that relief, since
the prayer for relief is not controlling and plaintiff's allegation and evi-
dence are sufficient to make out a case on the issue of actionable fraud and
damages.

APPEAL by plaintiff from *McLaughlin, J.,* January 21, 1963 Session
of FORSYTH.

Action to rescind a sale of personal property. Plaintiff, a piano teach-
er, alleged and offered evidence tending to show that on March 4, 1950
she purchased a Steinway Grand piano from defendant; that relying
upon the representation of his salesman that the piano was a new one,
she paid defendant $3,365.00, the price of a new piano; that in the fall
of 1958 the veneer on the piano began to deteriorate and on March 23,
1959 she discovered that it was over eighteen years old at the time she
purchased it and worth only $1,500.00. Defendant, who was not an
authorized Steinway dealer, conceded that the piano was a used one
but he denied that it was ever represented to be new. When called as
an adverse witness by the plaintiff at the trial, defendant's testimony
tended to show that the plaintiff had damaged the piano by the con-
tinuous application of lemon oil furniture polish and by moving it from
Siler City to an upstairs garage apartment in Tabor City. Plaintiff
testified that after March 23, 1959 she went to defendant and said: "I
came to you as a customer that has paid a good fair price, and I feel
like that you should do something in return." He referred her to his
attorney.

On March 30, 1961 plaintiff instituted this action to rescind the
sale contract on the grounds of fraud in its procurement and to re-

cover the purchase price of the piano. At the close of plaintiff's evidence the judge nonsuited the case and plaintiff appealed.

*George W. Gordon for plaintiff appellant.*
*Deal, Hutchins & Minor by Fred S. Hutchins and Edwin T. Pullen for defendant appellee.*

PER CURIAM. When a person discovers that he has been fraudulently induced to purchase property he must choose between two inconsistent remedies. He may repudiate the contract of sale, tender a return of the property, and recover the value of the consideration with which he parted; or, he may affirm the contract, retain the property, and recover the difference between its real and its represented value. He may not do both. Once made, the election is final. The election must be made "promptly and within a reasonable time after the discovery of the fraud, or after he should have discovered it by due diligence. . . ." *May v. Loomis,* 140 N.C. 350, 52 S.E. 728; *Hutchins v. Davis,* 230 N.C. 67, 52 S.E. 2d 210; *Parker v. White,* 235 N.C. 680, 71 S.E. 2d 122.

In this case, plaintiff regularly used the piano for over nine years before she discovered it was not a new instrument. Thereafter she continued to use it in teaching for two more years before instituting this action to recover the full purchase price. By such continued use she thereby elected to affirm the contract. She may not now rescind. Hence, she is not entitled to the relief prayed for in the complaint.

However, it is well settled that where the facts *alleged and proven* do not entitle the party to the only relief prayed but do give him a right to other relief, he may recover the judgment to which he is entitled. *Woodley v. Combs,* 210 N.C. 482, 187 S.E. 762; *Board of Education v. Board of Education,* 259 N.C. 280, 130 S.E. 2d 408. In *Knight v. Houghtalling,* 85 N.C. 17, defendants sought to rescind their contract for the purchase of land in plaintiffs' action to foreclose a purchase money mortgage. The answer contained but a single prayer for relief—rescission for fraudulent misrepresentations. A jury verdict established the fraud. The Court held that defendants' failure to act promptly after they discovered the fraud barred their right to rescind the contract, but the case was remanded in order that defendants' damages resulting from the fraud might be determined. The Court said:

> "But we understand that, under the Code system, the demand for relief is made wholly immaterial, and that it is the case made

by the pleadings and the facts proved, and not the prayer of the party, which determines the measure of relief to be administered, the only restriction being that the relief given must not be inconsistent with the pleadings and proofs."

Although she may not now rescind her contract of purchase, plaintiff's complaint and evidence were sufficient to take her case to the jury on the issues of actionable fraud and damages. The judgment of nonsuit is

Reversed.