LENORE HELLER v. ALFRED HELLER AND THEODORA HELLER GERTNER

No. 693SC550

(Filed 31 December 1969)

**1. Descent and Distribution § 1— intestate share of surviving spouse**

Where plaintiff's husband died intestate survived by two children, plaintiff, as surviving spouse, became entitled to one-third of the personal property and a one-third undivided interest in the real property in her husband's estate. G.S. 29-14(2).

**2. Husband and Wife § 1— property of married persons — nature and rights**

The real and personal property of any married person in this State, acquired before or after marriage, remains the sole and separate property of such married person and may be devised, bequeathed and conveyed by the married person subject to regulations and limitations prescribed by the General Assembly. G.S. 52-1.

**3. Descent and Distribution § 1— intestate succession — right of spouse — conveyance of separate property — limitations**

Insofar as concerns any rights which the spouse of a married person might acquire by virtue of G.S. 29-14, the General Assembly has prescribed no regulation or limitations relating to the conveyance during lifetime by such married person of his or her separate real or personal property.

**4. Descent and Distribution § 1— intestate succession — right of surviving spouse — conveyance of separate real property during lifetime of deceased spouse**

Deed by plaintiff's husband, which was executed while he and plaintiff were living together and which conveyed his separate real property to his children by a prior marriage, was effective to convey title to the children free from any claims of plaintiff under statute defining intestate share of surviving spouse. G.S. 29-14.

**5. Dower and Curtesy §§ 1, 9— abolition — limitations on present-day conveyances by spouses**

Although dower and curtesy, as such, have been abolished in this State, the General Assembly has prescribed regulations and limitations on

HELLER *v.* HELLER

the right of a married person to convey his or her real property free from the elective life estate provided for his or her spouse by G.S. 29-30.

**6. Descent and Distribution § 1— intestate succession — rights of widow — conveyance by husband of separate realty — fraud — election of life estate**

In an action by plaintiff, a widow, to set aside a deed executed by plaintiff's husband, which conveyed his separate realty to his children of a prior marriage, plaintiff's allegations that the conveyance was without her knowledge or joinder and was an attempt by her husband and the defendants to defraud her of her elective life estate in the realty, *held* ineffectual to state a cause of action, where (1) plaintiff would have been entitled to her elective life estate, regardless of fraud, if she had made an election in the time and manner prescribed by statute, and (2) plaintiff's failure to make an election within the required twelve months after the death of her husband effectively terminated any interest she might have had in the realty. G.S. 29-30(c)(2).

**7. Descent and Distribution § 1— election of life estate — widow's timely election — pending litigation**

Where widow's right to make election of life estate in deceased husband's realty expired through her failure to make timely election within twelve months after his death, an action by the widow, commenced after time for election had expired, to declare void a deed executed by her husband which conveyed the husband's separate realty to his children of a prior marriage, *held* not to constitute "pending" litigation within the meaning of the statute providing that election of life estate may be made within a reasonable time by order of superior court clerk if litigation affecting the estate is pending. G.S. 29-30(c)(4).

**8. Descent and Distribution § 1— intestate succession — rights of widow — action to set aside husband's conveyance — fraud**

In an action by plaintiff, a widow, to set aside a deed conveying realty from plaintiff's husband to his children of a prior marriage, plaintiff's allegations (1) that her husband's conveyance of his separate realty to his children, the defendants, was made without consideration and without her knowledge or joinder, (2) that two months after the conveyance her husband abandoned her without just cause and went to live with the defendants, and (3) that the conveyance was an attempt by her husband and the defendants to defraud and deprive plaintiff of her marital rights in the realty, *held* insufficient to state a cause of action for fraud.

**9. Fraud § 9— pleading**

To characterize a transaction as fraudulent is of no avail unless the facts which make it so are particularly alleged.

APPEAL by plaintiff from *Fountain, J.,* 16 September 1969 Session of PITT Superior Court.

This is a civil action to have a deed declared void and to obtain an accounting for rents and profits. In her complaint filed 2 August 1966, plaintiff alleged:

On 1 December 1963 plaintiff was married to Samuel Heller and remained his wife until his death on 16 April 1965. On 10 August 1964 Heller, while living with plaintiff, conveyed by deed certain described real property in Pitt County, N. C., to defendants, who are his only living issue by a prior marriage. Plaintiff is informed and believes that this conveyance was without consideration and "was an attempt by the said Samuel Heller and the defendants to defraud and deprive plaintiff of her marital rights in said property. Said conveyance was without plaintiff's knowledge nor has plaintiff since ratified or otherwise joined in said conveyance." On 14 October 1964 Heller abandoned plaintiff without justification and went to live with the defendants. On 16 April 1965 Heller died intestate, a citizen of North Carolina. No legal representative has been appointed to administer his estate. Plaintiff has made repeated demands upon the defendant "for possession of her one-third undivided interest in said property," but defendants have refused to vacate. Plaintiff prayed for judgment declaring the deed void "insofar as it purports to encumber the plaintiff's one-third undivided interest in the land described therein," and for an accounting and one-third of the rents and profits on the premises from 16 April 1965.

Defendant demurred to the complaint for failure to state a cause of action in that: (1) it does not affirmatively appear from the allegations of the complaint that the plaintiff exercised her marital rights as provided in G.S. 29-30, and (2) the complaint fails to set up with particularity the facts of any alleged fraud.

The demurrer was sustained and plaintiff appealed.

*Harrell & Mattox, by Fred T. Mattox for plaintiff appellant.*

*Lewis & Rouse, by Robert D. Rouse, Jr., for Alfred Heller, defendant appellee.*

PARKER, J.

Upon the death of a married person intestate, the surviving spouse may acquire either of two alternative rights in the estate of the decedent: first, the surviving spouse may receive the share as specified in G.S. 29-14 (or in G.S. 29-21 if applicable); or second, in lieu of such share, if timely election is made in the manner specified in G.S. 29-30 (c), the surviving spouse shall be entitled to take the life estate provided for in G.S. 29-30.

**[1-4]**  In the present case under the facts alleged in the complaint, which on demurrer are to be taken as true, plaintiff's husband died

intestate survived by two children. G.S. 29-14(2) applied and plaintiff, as surviving spouse, became entitled upon the death of her husband to one-third of the personal property and a one-third undivided interest in the real property. For purposes of G.S. 29-14 her husband's estate would not include, however, property which he had conveyed away prior to his death, even though she had not joined in the conveyance. The real and personal property of any married person in this State, acquired before or after marriage, remains the sole and separate property of such married person, and "may be devised, bequeathed and conveyed by such married person subject to such regulations and limitations as the General Assembly may prescribe." G.S. 52-1. Subject to such regulations and limitations, "every married person is authorized to contract and deal so as to affect his or her real and personal property in the same manner and with the same effect as if he or she were unmarried." G.S. 52-2. Insofar as concerns any rights which the spouse of a married person might acquire by virtue of the provisions of G.S. 29-14, the General Assembly has prescribed no regulation or limitations relating to the conveyance during lifetime by such married person of his or her separate real or personal property. Therefore, the deed described in the complaint by which plaintiff's husband conveyed his separate real property to his two children was effective to convey title to them, free from any claim of plaintiff under G.S. 29-14, and her complaint alleges no cause of action based on any rights provided her under that statute.

[5] "Dower, as such, has been abolished in North Carolina, but G.S. 29-30 preserves to a surviving spouse the benefits of the former rights of dower and curtesy." *Smith v. Smith,* 265 N.C. 18, 30, 143 S.E. 2d 300, 308. To protect these rights, the General Assembly has prescribed regulations and limitations on the right of a married person to convey his or her real property free from the elective life estate provided for his or her spouse by G.S. 29-30. By express terms of that statute this estate is:

> "a life estate in one third in value of all the real estate of which the deceased spouse was seized and possessed of an estate of inheritance at any time during coverture, except that real estate as to which the surviving spouse:
>
> "(1) Has waived his or her rights by joining with the other spouse in a conveyance thereof, or
>
> "(2) Has released or quitclaimed his or her interest therein in accordance with G.S. 52-10, or

"(3)   Was not required by law to join in conveyance thereof in order to bar the elective life estate, or

"(4)   Is otherwise not legally entitled to the election provided in this section."

**[6]**   When plaintiff's husband conveyed his land to his two children, in order for plaintiff to have waived her elective life estate as provided for in G.S. 29-30 it would have been necessary for plaintiff herself to execute the conveyance thereof, "and due proof or acknowledgment thereof must be made and certified as provided by law." G.S. 39-7(a). Plaintiff alleged that her husband's conveyance was "without plaintiff's knowledge nor has plaintiff since ratified or otherwise joined in said conveyance." Therefore, accepting as true her further allegation that her husband's separate conveyance "was an attempt by the said Samuel Heller and the defendants to defraud and deprive plaintiff of her marital rights in said property," under the other facts alleged in the complaint the attempt was wholly ineffectual. No matter what fraudulent intent her husband and the two defendants may have harbored, under the facts alleged it was simply impossible for them to have impaired plaintiff's elective rights provided her under G.S. 29-30. If, following her husband's death, she had elected in apt time and in the manner specified in the statute, she would have been entitled to receive all rights provided for her under G.S. 29-30 entirely unaffected by his separate deed to defendants which she now attacks. The ineffectual attempt to defraud which plaintiff here alleged gave rise to no cause of action. None was necessary to protect plaintiff's rights under G.S. 29-30.

Plaintiff alleged her husband died intestate on 16 April 1965 and that no legal representative has been appointed to administer his estate. Therefore, G.S. 29-30(c)(2) controls. This section provides that the election of the surviving spouse to take the elective life estate shall be made "within twelve months after the death of the deceased spouse if letters of administration are not issued within that period." Subsection (h) of that statute provides:

"If no election is made in the manner and within the time provided for in subsection (c) the surviving spouse shall be conclusively deemed to have waived his or her right to elect to take under the provisions of this section, and any interest which the surviving spouse may have had in the real estate of the deceased spouse by virtue of this section shall terminate."

This action was commenced and the complaint filed on 2 August 1966, more than twelve months after the death of plaintiff's hus-

band. The complaint contains no allegation that plaintiff has ever elected to take the life estate provided for her by G.S. 29-30.

[7]     Plaintiff's contention that she still has the right to make the election because of the language of G.S. 29-30(c)(4) is without merit. That subsection provides that if litigation that affects the share of the surviving spouse in the estate is pending, then the election may be made within such reasonable time as may be allowed by written order of the clerk of superior court. Plaintiff points to the case presently before us as the "pending" litigation affecting her share in her husband's estate. This ignores the fact that this case was not commenced and therefore was not pending at the time her right to make the election otherwise expired under G.S. 29-30(c)(2). By failing to take timely action her right to make the election expired. She could not thereafter revive it by the simple expedient of bringing an action purporting to affect her share in her husband's estate.

[8, 9]     Finally, the complaint alleges no *facts* to support plaintiff's charge of fraud on the part of the defendants. Plaintiff's allegation that her husband's conveyance to the defendants, who were his children and therefore natural objects of his bounty, was made without consideration and at a time when her husband was living with her but without her knowledge or joinder, gives rise to no cause of action. Nor does the additional allegation that two months after the conveyance her husband abandoned her without just cause and went to live with the defendants, serve to state any cause of action against the defendants. The broadside allegation, made on information and belief, that the conveyance was "an attempt" by her husband and the defendants "to defraud and deprive the plaintiff of her marital rights in said property," added nothing of legal significance. As noted above, the attempt, if made, was legally ineffective; and to characterize a transaction as fraudulent is of no avail unless the facts which make it so are particularly alleged. "Whatever may be the facts beyond the complaint, the pleading will be of no avail unless it sets up with sufficient particularity facts from which legal fraud arises or, where proof of actual fraud is necessary to relief, specifically alleges the fraud — that is, the fraudulent intent — and particularizes the acts complained of as fraudulent so that the court may judge whether they are at least *prima facie* of that character." *Development Co. v. Bearden*, 227 N.C. 124, 127, 41 S.E. 2d 85, 87.

Plaintiff seeks to rely on *Everett v. Gainer*, 269 N.C. 528, 153 S.E. 2d 90, and other cases holding that a voluntary conveyance or one made for a grossly inadequate consideration by a grantor who fails to retain assets fully sufficient to pay his then existing debts

is fraudulent as to existing creditors of the grantor and may be set aside on suit of such a creditor without a showing of actual fraud on the part of the grantee. These cases are not here apposite. Plaintiff did not occupy the position of a creditor of her husband when the conveyance here attacked was made. *Oil Co. v. Richardson*, 271 N.C. 696, 157 S.E. 2d 369, is distinguishable. In that case the wife, who was in possession of her husband's land and was defendant in an ejectment action brought by his grantee, alleged that she had already obtained an order for alimony *pendente lite* against her husband when he executed the voluntary conveyance to the plaintiff, and that this was executed by the husband and received by the plaintiff for the purpose of defeating, delaying and defrauding the wife's rights under the alimony order. The court held these allegations sufficient to state a valid defense and counterclaim to plaintiff's ejectment suit against her. In the case presently before us there is no allegation that plaintiff ever obtained any award of alimony against her husband or that he was called upon and failed to furnish her support. Nor is there any allegation that he failed to retain other assets sufficient to discharge his obligations.

The judgment sustaining the demurrer to plaintiff's complaint is Affirmed.

CAMPBELL and GRAHAM, JJ., concur.