ALFRED S. NUGENT, JR. AND REGINA M. NUGENT v. WALLACE BECKHAM AND ANN L. BECKHAM

No. 781SC160

(Filed 20 November 1979)

1. **Vendor and Purchaser § 5— specific performance of contract to convey—bank interest on deposited purchase money**

    Where the court entered partial summary judgment that plaintiffs are entitled to specific performance of a contract to convey, that trial should be had on issues of the amount of abatement of the purchase price for violation of setback restrictions and the amount of rents and profits due plaintiffs, and that plaintiffs place the purchase money in an interest bearing account, the trial court properly ordered that defendants were entitled to the interest paid by the bank on the deposited purchase money after the date judgment was entered on the issue of abatement.

2. **Vendor and Purchaser § 5— specific performance of contract to convey—deeds of trust on the property—satisfaction out of deposited purchase money**

    Even if outstanding deeds of trust can be matters of abatement in an action for specific performance of a contract to convey by warranty deed free from all encumbrances, the record shows that the only matter of abatement presented to the jury in this case was the violation of setback restrictions, and the right of plaintiffs to have defendant sellers satisfy the deeds of trust was not lost when an issue of abatement was submitted to the jury. Furthermore, it was proper for the trial court to order that notes secured by the deeds of trust be satisfied out of the purchase money on deposit with the clerk of superior court.

APPEAL by plaintiffs and defendants from *Small, Judge.* Order entered 26 October 1978 in Superior Court, DARE County. Heard in the Court of Appeals 18 September 1979.

Plaintiffs commenced this action in November 1973 seeking specific performance of a contract by which defendants were obligated to convey to plaintiffs a certain lot and house in Dare County. After hearing on plaintiffs' motion for partial summary judgment, on 15 April 1977, Judge Robert A. Collier, Jr. ordered that plaintiffs were entitled to specific performance of the contract and that trial should be had upon the issues of the amount of abatement of the purchase price for violation of setback restrictions and rents and profit due the plaintiffs since 1973, that plaintiffs place the purchase money in an interest bearing account, with interest to go to plaintiffs, and that defendant-sellers were entitled to the balance of the purchase price less the amount of

the abatement of the purchase price and the rents and profits since October 12, 1973.

At trial in April 1977 before Judge Tillery, the jury awarded plaintiffs $5,500.00 in abatement of the purchase price of the property and $9,000.00 for rents and profits with a set-off of $6,800.00 in defendant's favor. Plaintiffs were thereby entitled to a net reduction of the purchase price in the amount of $7,700.00. Judgment was entered on 25 May 1977.

On appeal to this Court it was held that the summary judgment was properly granted and that Judge Tillery was correct in denying interest to both parties. *Nugent v. Beckham,* 37 N.C. App. 557, 246 S.E. 2d 541 (1978).

On 6 July 1977 defendants had not conveyed the subject property to plaintiffs, and plaintiffs caused to be recorded in the Office of the Register of Deeds of Dare County Judge Collier's order of 15 April 1977, thereby transferring title to the property from defendants to plaintiffs. On 12 July 1977, on motion of plaintiffs' counsel, Resident Judge Herbert Small directed the Dare County Clerk of Superior Court to disburse to plaintiffs the $7,700.00 awarded by the jury.

On 16 September 1978, plaintiffs took possession of the subject property after being advised by defendants that defendants had vacated the premises.

On 10 October 1978, plaintiffs filed a motion alleging that the subject property was encumbered with two deeds of trust in contravention of the covenant against encumbrances in the contract of sale; that a warranty deed had not been tendered by defendants to plaintiffs; that defendants had refused to pay the sellers' prorated portion of property taxes on the subject property; that the construction of the house on the subject property had not been completed; and that the sellers had allowed the property to suffer injury beyond ordinary wear and tear. Plaintiffs then moved that the Clerk of Superior Court disburse sums sufficient to satisfy the two deeds of trust, sellers' prorated share of 1978 property taxes, plaintiffs' expenses in completing construction of the cottage, compensation for damage to the subject property beyond ordinary wear and tear, all interest accruing on the monies being held by the Clerk of Superior Court, and the balance due sellers under the contract.

On 26 October 1978, Judge Small entered an order compelling defendants to execute a general warranty deed to plaintiffs and directing the Clerk of Superior Court to disburse funds to satisfy the two deeds of trust, to pay interest on the account from the date of deposit to 25 May 1977 to plaintiffs, to pay interest accruing on the account after 25 May 1977 to defendants, and to pay the balance of the money on deposit to defendants. Both plaintiffs and defendants now appeal from this last order of Judge Small.

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin by Roy A. Archbell, Jr. and Norman W. Shearin, Jr. for plaintiffs.*

*Aldridge, Seawell & Khoury by Christopher L. Seawell for defendants.*

CLARK, Judge.

### I. APPEAL BY PLAINTIFF-BUYERS

[1]  The plaintiffs present one question on appeal and assert that Judge Small erred in granting the defendants interest on the balance of the purchase price which had accrued since 25 May 1977, the date at which Judge Tillery entered judgment on the issue of abatement. This issue is complicated by the fact that three different determinations were made by three different trial judges as to what the proper award of interest should be. We now undertake to reconcile these three orders with each other and with the former decision on this issue in this case as set forth in *Nugent v. Beckham*, 37 N.C. App. 557, 246 S.E. 2d 541 (1978).

The following actions and dates are pertinent to this issue:

(1) On 15 April 1977, Judge Collier granted summary judgment in plaintiffs' favor and ordered that "[p]rior to the coming on for trial of the issues as to abatement of purchase price and an accounting of rents and profits, plaintiffs shall deposit with the Clerk of Superior Court of Dare County the balance of the purchase price required by the aforesaid contract . . . which amount shall be placed in an interest bearing account . . . with interest from said account being paid to the plaintiffs";

(2) Following the trial on the issue of abatement of the purchase price, Judge Tillery, on 25 May 1977, ordered the Clerk to pay to plaintiffs $7,700.00 out of the funds held in the aforemen-

tioned account and ordered that all interest for both the plaintiffs and defendants be denied;

(3) In the former appeal by defendants, Judge Mitchell for the Court, stated:

". . . It is true that the general rule is that the buyer is entitled to rents and profits during the period in which the seller has refused to convey and wrongfully kept the buyer out of possession, while the seller is entitled to interest on the purchase price. *Harper v. Battle*, 180 N.C. 375, 104 S.E. 658 (1920); *Stern v. Benbow*, 151 N.C. 460, 666 S.E. 445 (1909). We do not think, however, that the seller's right to interest on the purchase price in such cases is absolute as a matter of law. *See*, 81A C.J.S., Specific Performance, § 198, pp. 169-70.

Here, the interest sought on the purchase price would exceed the amount awarded the plaintiffs by the jury and would result in a net gain to the defendants in the form of a reward for their failure or refusal to comply with the terms of their contract. We do not feel the general rule is so inflexible as to require a court of equity to reach such results. Rather, we find the denial of interest to all parties in the discretion of the trial court to have been proper in this case."

37 N.C. App. 557, 562-63, 246 S.E. 2d 541, 545-46 (1978);

(4) On 26 October 1978 Judge Small entered an order, pursuant to plaintiffs' motion to compel execution of the deed, requiring, *inter alia*, that the Clerk of Court pay plaintiffs all interest which accrued in the account prior to 25 May 1977 and to pay the interest to defendants after that date.

We can find only one interpretation which renders all of the above actions both consistent and equitable. First, it is apparent that the orders of Judges Collier and Small refer to disposition of the interest paid by the *bank* on the purchase money which had been deposited, whereas the order of Judge Tillery and the former appeal to this Court address the question of whether one of the *parties* must pay interest to the other. Consequently, we must only reconcile the orders of Judge Small and Judge Collier concerning the disposition of the interest paid by the bank, and to this end the opinion of Judge Tillery and the former appeal are not relevant.

Second, the order of Judge Collier was not limited in time, and it would be frivolous to assume that the plaintiff-buyers would forever be entitled to the benefit of the funds in the account. We hold that plaintiffs' rights in the account terminated when Judge Tillery entered the judgment of 25 May 1977 directing that the plaintiffs recover $7,700.00 from the account. Prior to 25 May 1977 the net amount due the defendant-sellers had not been established, *see Teich & Co., Inc. v. LeCompte*, 222 N.C. 602, 24 S.E. 2d 253 (1943) (interest not awarded on undetermined or unliquidated sums), and it would have been appropriate to allow the plaintiffs, who had been deprived of the use and enjoyment of their money, to recover the interest paid by the bank up to 25 May 1977, the point at which the parties' respective rights to the purchase money were determined. Consequently, we affirm the order of Judge Small with respect to the interest paid by the bank on the purchase price.

Possession, however, was not delivered until 16 September 1978, over a year after Judge Tillery's order. The period between May 1977 and September 1978 closely approximates the period in which the earlier appeal in this case was argued and decided. N.C. Gen. Stat. § 1-292 clearly contemplates that the seller must compensate the buyer for the buyer's loss of use and occupation of the property pending an appeal in which a judgment and decree ordering sale and possession to buyer is affirmed. Even though the determination of rents and profits from 25 May 1977 to 16 September 1979 is not an issue raised directly by and is not determined by this appeal, plaintiffs may elect to proceed for the recovery of rents and profits during this period; and we note that N.C. Gen. Stat. § 1-292 was enacted precisely for the purpose of protecting those in the position of the plaintiffs in the instant case.

## II. APPEAL BY DEFENDANT-SELLERS

[2] Defendants contend that the trial court erred in ordering that the notes secured by two deeds of trust be satisfied out of the funds on deposit in the office of the Clerk of Superior Court of Dare County. In addition, defendants argue that Judge Small erroneously concluded that (1) the pleadings raised no abatement issue except as to the mislocation of the house; (2) that defendants are required to specifically perform the contract; and (3) that the

defendants are required to execute a deed. We find no merit in these contentions.

The contract for sale of the subject property specifically provided:

> "[t]hat the Seller will convey to the Purchaser by deed of warranty, *free from all encumbrance* except as hereinafter mentioned . . . ." (Emphasis supplied.)

Plaintiffs' complaint provides in relevant part:

> "4. In accord with the provision of said agreement, plaintiff tendered to defendant the purchase price and requested a conveyance of the land, but defendant refused to accept the tender and refused to make the conveyance in accord with the contract, *in that the dwelling located on the property is situated in violation of the subdivision ordinances of Dare County*, adopted as by law provided. Said violation being contrary to the provisions of the contract." (Emphasis supplied.)

On 15 April 1977, Judge Collier ordered specific performance of the above contract and further ordered that "[t]he defendants shall convey to plaintiffs by general warranty deed, the property described in the aforesaid contract in return for the payment to defendants of the balance of the purchase price ($31,050.00) *less the amount of the abatement of the purchase price* and the rents and profits since October 12, 1973 . . . ." (Emphasis supplied.)

At trial plaintiffs presented Willie Rogers, a house mover in Dare County, who testified that the cost of moving the subject house to comply with the setback restrictions would be $5,500.00, plus material costs. In summarizing the evidence, Judge Tillery explained that "[t]he evidence further tends to show in substance that in the opinion of Willie Rogers, a person who is engaged in the business of house moving, it would require an expenditure of $5,500.00 for labor costs to move the house first back from one line and then in a different direction back from the other . . . ."

Finally, the following issue was presented to the jury concerning abatement:

> "(1) What amount, if any, are the plaintiffs entitled to recover by way of abatement of the purchase price of the property which is the subject of this lawsuit?

To this the jury responded:

"Answer: $5,500.00."

All of the above reveals that the complaint did not set forth and the jury did not consider offsetting the two outstanding deeds of trust in their determination of the proper amount by which the purchase price should be abated. Consequently, even if, as defendants argue, outstanding deeds of trust can be matters of abatement, we do not agree that the verdict of the jury included these matters, and it would be unjust for us to hold that the right of plaintiffs to satisfy these deeds of trust was lost when the issue of abatement was sent to the jury.

Since the defendants refused to carry out their contract voluntarily, it was entirely proper for the trial court, in compelling specific performance of the contract, to insure that the outstanding encumbrances on the property were removed, particularly when the funds from which these obligations could be satisfied were in the custody of the court. *See generally*, 77 Am. Jur. 2d Vendor and Purchaser § 192 (1975). Moreover, it would approach absurdity for this Court to hold, six years after the contract of sale was signed, that plaintiffs must pay off defendants' notes and then seek reimbursement in an action for damages.

The appeal by plaintiffs is affirmed.

The appeal by defendants is affirmed.

Judges HEDRICK and MARTIN (Harry C.) concur.