ROBERT TAYLOR v. R.L. BAILEY

No. 8028SC41

(Filed 21 October 1980)

**Vendor and Purchaser § 5– contract to convey land – wife's refusal to join in conveyance – specific performance required with abatement for wife's interest ·**

Where defendant contracted to convey a "good and sufficient deed, in fee simple . . . free from all liens and encumbrances," but his wife refused to join in the conveyance, thereby releasing her marital interest in the property, plaintiff was entitled to specific performance on the contract to convey the property, with an abatement in the purchase price for the value of defendant's wife's interest and for rents and profits for the period he was denied possession.

Judge HILL concurring in result.

Judge CLARK dissenting.

APPEAL by defendant from *Gaines, Judge.* Judgment signed 23 October 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 27 August 1980, at Waynesville, North Carolina.

This is an action for breach of a contract to convey real property. On 3 October 1975, plaintiff Taylor and defendant Bailey entered into a contract in which Taylor agreed to purchase and Bailey agreed to sell a certain parcel of land in Buncombe County, for $28,000. The contract provided:

> That the Seller agrees and binds their, themselves [*sic*] heirs, executors or administrators, upon the payment of the purchase price as hereinbefore provided, to execute and deliver to the Purchaser, or assignee, a good and sufficient deed, in fee simple, conveying said land and premises,

free from all liens and encumbrances, except as herein provided and taxes for the year 1975 to be prorated at closing.

The only condition of the contract was that it was "[s]ubject to facts revealed by Attorneys Title Opinion and survey of property."

Defendant failed to tender a deed in compliance with the contract, and plaintiff instituted a suit for specific performance. Bailey defended that suit on grounds that the instrument was void because the description of the property was inadequate and that, if not void, Taylor's failure to perform by the date required by the contract nullified the agreement because time was of the essence. On 26 August 1976, Judge Griffin concluded that plaintiff was entitled to a warranty deed according to the terms of the contract. He ordered defendant to deliver such a deed and to specifically perform all the other terms and conditions of the contract. Defendant appealed, and this Court affirmed the decision in *Taylor v. Bailey*, 34 N.C. App. 290, 237 S.E. 2d 918 (1977).

On 17 February 1979 plaintiff cited defendant for contempt for refusal to deliver the deed as ordered. Judge Ferrell denied plaintiff's motion to show cause, concluding that defendant was unable to perform because his wife, Norma Bailey, refused to join in the conveyance.

The evidence tends to show that at the time of the execution of the contract, both parties were aware that Norma Bailey would have to join in the execution of the deed, as she had a marital interest which encumbered the property. Norma Bailey was not a party to the contract. Plaintiff refused to accept a deed without the wife's signature. The parties agree that a fee simple title cannot be conveyed without Norma Bailey's signature. Both parties had many years' experience in the real estate business in the locality.

On 18 August 1978 plaintiff instituted this action for damages he incurred by defendant's failure to convey a deed signed by both defendant and his wife. In his answer defendant pled the affirmative defense of election of remedies. His motion for summary judgment upon his plea in bar was denied. At trial, defendant's motions for involuntary dismissal were denied. The

issue of damages was submitted to the jury and judgment was entered granting the plaintiff $4,750 in damages. Defendant appeals from this judgment, and plaintiff cross appeals from the trial court's refusal to grant interest on the damage award from the date of the breach of contract.

*Jeff P. Hunt for plaintiff appellee.*

*S. Thomas Walton for defendant appellant.*

MARTIN (Harry C.), Judge.

Although the defendant's deed to the property in question has not been made part of the record on appeal, and the defect in the title defendant was prepared to tender is not clear, it appears from plaintiff's brief and exhibits that the only marital interest in the property held by defendant's wife is a dower interest. The statute providing for dower, N.C.G.S. 30-11 to 30-14, was repealed by Chapter 879, Section 14, 1959 Session Laws. The act repealing these sections inserted the new Chapter 29 entitled "Intestate Succession." Article 8 of that chapter provides:

> § 29-30. *Election of surviving spouse to take life interest in lieu of intestate share provided.* — (a) In lieu of the share provided in G.S. 29-14 [share of surviving spouse] or 29-21 [share of surviving spouse of illegitimate intestate], the surviving spouse of an intestate or the surviving spouse who dissents from the will of a testator shall be entitled to take as his or her intestate share a life estate in one third in value of all the real estate of which the deceased spouse was seised and possessed of an estate of inheritance at any time during coverture, except that real estate as to which the surviving spouse:
>
> (1) Has waived his or her rights by joining with the other spouse in a conveyance thereof, or
>
> (2) Has released or quitclaimed his or her interest therein in accordance with G.S. 52-10, or
>
> (3) Was not required by law to join in conveyance thereof in order to bar the elective life estate, or
>
> (4) Is otherwise not legally entitled to the election provided in this section.

This section preserves to a surviving spouse the benefits that were formerly available as dower and curtesy. *Smith v. Smith,* 265 N.C. 18, 143 S.E. 2d 300 (1965); *Heller v. Heller,* 7 N.C. App. 120, 171 S.E. 2d 335 (1969). A surviving spouse is given this election so as not to be rendered penniless and would elect this option when the estate is small or insolvent. *Smith, supra.* The statute limits the right of a married person to convey his or her real property free from the elective life estate provided by this section. *Heller, supra.* Thus, Norma Bailey's dower interest in the property would become effective only if she were to survive defendant and make an affirmative election to take this option rather than her intestate share or her share as provided by his will.

An inchoate dower interest is not an estate in land nor a vested interest, but, nevertheless, it acts as an encumbrance upon real property. *Blower Company v. MacKenzie,* 197 N.C. 152, 147 S.E. 829 (1929).

> A vendor, who has a wife living at the time, cannot alone convey a marketable title to the land, since in such case there would be outstanding the inchoate right of dower in the wife. To enable the vendee to raise the objection of an outstanding right of dower, there need be no express stipulation in the contract, for the vendor does not comply with the express or implied condition of a contract to convey land, that he shall convey a good title free from encumbrances, where the title is encumbered by an outstanding right of dower.

Annot., 57 A.L.R. 1253, 1399-1400 (1928). This principle has been long recognized in North Carolina. *Bethell v. McKinney,* 164 N.C. 71, 80 S.E. 162 (1913); *Rodman v. Robinson,* 134 N.C. 503, 47 S.E. 19 (1904); *Fortune v. Watkins,* 94 N.C. 304 (1886).

In *Bethell, supra,* the Court was presented with a situation similar to that in the instant case. Defendants executed a contract to sell a farm to plaintiff, stipulating "the deed to be executed to said Bethell is to contain the usual covenants of warranty and the property relieved of any and all encumbrances now subsisting." *Id.* at 72, 80 S.E. at 162. In an action by plaintiff for specific performance, one defendant, Ivie, alleged that he was willing to execute a fee simple warranty deed but

---

---

plaintiff refused to accept the deed because Ivie's wife was unwilling to join in the conveyance. As in the present case, plaintiff knew at the time of the contract that Ivie was married, that his wife was entitled to contingent dower, and that the contract did not stipulate for the wife's joinder in the deed. The trial court ordered defendants to execute a "good and sufficient deed in fee simple to the lands described in the contract, with the usual covenants, and relieved of all encumbrances thereon," upon the plaintiff's paying the contract price less an abatement for "the present value of the inchoate right of dower of the wife ... as damages or equitable compensation for failure of title to that extent, unless defendant Ivie shall in the meantime procure said deed to be executed by his wife ... ." *Id.* at 73, 80 S.E. at 162-63. The court further ordered Ivie to make reasonable efforts to procure his wife to join him in the execution of the deed. If he were unable to do so, the case was to be submitted to a jury for determination of the present value of the inchoate dower right and the value of rents and profits of the land from the time the sale was to have been completed. The Supreme Court agreed with this portion of the decision, recognizing that although the wife could not be compelled to join in the conveyance, the vendee could enforce the contract and take such title as the vendor could give, with an abatement of the contract price for the right of dower outstanding, the value of which could be calculated. *See also Colwell v. O'Brien,* 196 N.C. 508, 146 S.E. 142 (1929).

In *Flowe v. Hartwick,* 167 N.C. 448, 451-52, 83 S.E. 841, 843 (1914), the Court stated:

> Our authorities also sustain the position, very generally recognized, that when the vendor's title proves to be defective in some particular or his estate is different from that which he agreed to convey, unless the defects are of a kind and extent to change the nature of the entire agreement and affect its validity, the vendee may, at his election, compel a conveyance of such title or interests as the vendor may have and allow the vendee a pecuniary compensation or abatement of the price proportioned to the amount and value of the defect in title or deficiency in the subject-matter ... .

*See also Goldstein v. Trust Co.,* 241 N.C. 583, 86 S.E. 2d 84 (1955).

The principle behind allowing an abatement of the purchase price in addition to specific performance is that "it is unjust to allow the vendor to take advantage of his own wrong, default, or misdescription." Annot., 46 A.L.R. 748, 748 (1927). "The obligations of a contract, except in certain specified and very restricted instances, are imperative, and, when they are wrongfully broken, neither inability to perform nor ignorance of conditions may ordinarily avail as protection against an award of damages." *Warren v. Dail,* 170 N.C. 406, 411, 87 S.E. 126, 128 (1915).

This is precisely the situation in the present case. Plaintiff brought his suit for specific performance and obtained a judgment of record ordering defendant to perform the contract. Thereafter, he brought the present action for damages. Six months after commencing this action, plaintiff cited the defendant for contempt for failing to comply with the judgment of specific performance. Defendant tendered plaintiff a deed, without his wife's joinder, and upon hearing, the court found defendant could not compel his wife to sign the deed, and dismissed the contempt charge. Plaintiff still relied upon the specific performance judgment even after this case was begun. He has not abandoned that lawsuit, nor cancelled the judgment he recovered. Where plaintiff seeks both specific performance and damages, as plaintiff here does, he is limited in damages to the abatement in the purchase price for the present value of the wife's dower interest. *Flowe v. Hartwick, supra.* The situation is analogous to a buyer suing for specific performance of land encumbered by a lien or deed of trust; he is entitled to an abatement of the purchase price in the amount of the encumbrance. *See Nugent v. Beckham,* 43 N.C. App. 703, 260 S.E. 2d 172 (1979); *Passmore v. Woodard,* 37 N.C. App. 535, 246 S.E. 2d 795 (1978); 71 Am. Jur. 2d Specific Performance §§ 134-36 (1973).

Thus it seems clear that plaintiff in the present case remains entitled to specific performance on the contract to convey the property, with an abatement in the purchase price for the value of defendant's wife's dower interest and for rents and profits for the period he was denied possession. The trial court's 1976 order for specific performance was granted in that court's sound discretion, with a view toward serving the ends of justice. *See Knott v. Cutler,* 224 N.C. 427, 31 S.E. 2d 359 (1944). The sole

function of specific performance "is to compel a party to do precisely what he ought to have done without being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E. 2d 44, 53 (1952). Defendant contracted to convey a "good and sufficient deed, in fee simple ... free from all liens and encumbrances." How he intended to do so was not the concern of plaintiff, nor of the court. "Equity can only compel the performance of a contract in the precise terms agreed on. It cannot make a new or different contract for the parties simply because the one made by the parties proves ineffectual." *Id.* at 71, 72 S.E. 2d at 53.

In affirming the decree for specific performance as the appropriate remedy, Judge Morris, now Chief Judge, noted that if defendant "cannot, or does not [execute and deliver a good and sufficient deed], the question of damages is the subject of another lawsuit." *Taylor v. Bailey*, 34 N.C. App. 290, 295, 237 S.E. 2d 918, 921 (1977). Clearly the issue of election of remedies, as propounded by defendant, is no problem, because that issue generally arises in cases where a party seeks both to affirm and deny a contract. *See, e.g., Redmond v. Lilly*, 273 N.C. 446, 160 S.E. 2d 287 (1968); *Richardson v. Richardson*, 261 N.C. 521, 135 S.E. 2d 532 (1964); *Bruton v. Bland*, 260 N.C. 429, 132 S.E. 2d 910 (1963); *Surratt v. Insurance Agency*, 244 N.C. 121, 93 S.E. 2d 72 (1956); *Dennis v. Dixon*, 209 N.C. 199, 183 S.E. 360 (1936). *See generally*, 25 Am. Jur. 2d Election of Remedies §§ 8-13 (1966); 28 C.J.S. Election of Remedies §§ 1-7 (1941). Plaintiff has at all times sought enforcement of a contract which has been declared valid and binding; it was defendant who first denied its validity and who now wishes to affirm it in order to avoid payment of damages.

Although plaintiff might have effectively brought this claim for damages in the same action as his original suit for specific performance, he had no indication at that time that defendant would not or could not deliver a satisfactory deed. Defendant at that time tried to disaffirm the contract. Only upon his 1977 appeal did defendant indicate that he might not be able to obtain his wife's signature upon the deed. If he thought he might still be able to avoid the transfer completely, he had little incentive to attempt diligently to procure her joinder.

Because the record on appeal does not include the trial court's charge to the jury regarding the method of computation of damages, we have no basis on which to determine whether the correct formula was employed. Plaintiff's evidence on damages was in support of his allegation that he was entitled to recover the difference in the fair market value of the property and the contract price. If plaintiff had not obtained a prior judgment for specific performance of the contract, plaintiff's allegations of damages would be correct. Where a buyer sues only for damages for breach of contract to convey land, that is the proper rule for the measurement of damages. *Lane v. Coe*, 262 N.C. 8, 136 S.E. 2d 269 (1964). It is well to note that where a buyer does sue for damages he cannot thereafter bring an action for specific performance of the contract to convey realty. *Dennis v. Dixon, supra.* By the same token, we must conclude that where one has obtained a judgment for specific performance, he cannot thereafter obtain damages for breach of the contract measured by the difference in the fair market value of the land at the time of the breach and the contract price. It is not the correct rule for the measurement of damages in this case. Here, plaintiff seeks both specific performance of the contract and damages. The proper measure of damages is an abatement of the purchase price by the worth of Norma Bailey's dower interest, reduced to its present value. *Bethell v. McKinney, supra.* Computation of this value is possible by the use of established actuarial methods. *See Blower Company v. MacKenzie, supra.* Plaintiff is also entitled to the rents and profits from the land for the period he was wrongfully denied the use and occupation of the property. *See Nugent v. Beckman, supra;* N.C. Gen. Stat. 1-292. Therefore, the jury will be presented with two issues:

1. What is the worth of Norma Bailey's dower interest in the property, reduced to its present value?

    ANSWER:

2. What is the fair market value of rents and profits from the property for the period plaintiff was denied the use and possession of the property?

    ANSWER:

We note that the record indicates that defendant and his wife were estranged at some of the times relevant to this action. If defendant and Norma Bailey are no longer husband and wife, the question of abatement for the dower interest would obviously be moot.

This action must be remanded to the trial court for a new trial on the issue of damages consistent with this opinion. As the question on the issue of interest may not arise on retrial, we decline to discuss plaintiff's cross appeal.

New trial.

Judge HILL concurs in the result.

Judge CLARK dissents.

Judge HILL concurring in the result:

I must concur because the principle laid down in *Bethell v. McKinney*, 164 N.C. 71, 80 S.E. 162 (1913), appears controlling at this time. However, that case was written at a time when ours was an agrarian society, and land usage was not so diverse. Likewise, land values were more stable because of more limited use, and inflation was not taking its toll as it is now. Were it not for *Bethell, supra,* I would not restrict the election of remedies imposed on plaintiff by our decision in this case.

Judge CLARK dissenting:

Plaintiff in his first action (34 N.C. App. 290, 237 S.E. 2d 918 (1977)), sought specific performance of the contract for sale of land requiring defendant to deliver "a good and sufficient deed, in fee simple, conveying said land and premises, free from all liens and encumbrances . . . ." Though defendant's wife was not a party to the contract, defendant was obligated to deliver such deed free of encumbrance, which required defendant to have the deed executed by his wife to convey her dower interest. There was nothing in the first action to indicate the defendant was unable to perform the contract. This is clear from the statement (quoted by the majority) made by Judge Morris at the conclusion of this court's opinion in the first case.

Only after the determination of the first action on appeal to this Court did the plaintiff determine that defendant could not perform because of his wife's refusal to execute a deed con-

Taylor v. Bailey

veying her dower interest. In my opinion plaintiff could then elect as follows: (1) for specific performance and execution of a deed by defendant alone plus the cash value of the inchoate right of dower of the wife; or, (2) for breach of contract and damages consisting of the difference in the contract price and the market value of the land.

I do not agree with the majority that plaintiff still relied upon specific performance after the second action was begun. The purpose of the contempt citation was to establish the breach by defendant before proceeding further with breach of contract action. Plaintiff does not seek both specific performance and damages for the breach. He seeks only damages for the breach after determining that specific performance was impossible.

The majority would require prevision on the part of the plaintiff, a burden rarely imposed by law. Too, it repudiates the quoted comment of this Court in its opinion that if defendant "cannot, or does not [execute and deliver a good and sufficient deed], the question of damages is the subject of another lawsuit." Nor do I agree that the case before us is controlled by *Bethell v. McKinney, supra*. Bethell established the right of the vendee to enforce the contract, take such title as the vendor could give, and have an abatement of the purchase money for the right of dower left outstanding, but that opinion did not hold that such was the vendee's exclusive right.

My colleagues of the majority are mountain men. The land in question is located in the mountains. It is possible that their opinion is based on "mountain law," a body of law peculiar to western North Carolina which permeates the innermost recesses of the minds of those who live in that rarefied atmosphere and which may not be fully dispelled from the minds of some mountaineers despite exposure to law of general application throughout the State.